# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

Petitioner,
**SAEZ MATA LEONARDO.**

DETAINED
A#: 246-141-348

25 cv 106

v.

**MERRICK B. GARLAND,**
in his official capacity as
Attorney General of U.S.;

**ALEJANDRO MAYORKAS,**
in his official capacity as
Secretary of the U.S. DHS;

**THOMAS BROPHY,**
in his official capacity as Acting
Field Office Director of Buffalo
Field, Enforcement and
Removal Operations, U.S.;

an

**George Harvey**
in his official capacity as
Officer-in-Charge,
Buffalo Federal
Detention Facility.

*Respondent.*

# IN A PETITION FOR WRIT OF HABEAS CORPUS
# PURSUANT TO 28 U.S.C. § 2241

## INTRODUCTION

1. My name is __Leonardo Saez Mata__ ("Petitioner").

2. Since I have entered the United States, I have been accorded the following immigration status: __Humanitarian Parol__.

3. I am currently being detained by the Department of Homeland Security ("DHS") at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York. I have been in immigration detention since __July 18, 2024__, for a period of approximately __7__ months.

4. On __July 29, 2024__, the Immigration Judge sustained charges of removability against me and ordered me removed to __Venezuela__.

5. I appealed my removal order to the Board of Immigration Appeals ("BIA"), and on __N/A__, the BIA denied my appeal.

6. I petitioned for review to the U.S. Court of Appeals for the __N/A__ Circuit ("Circuit Court"), and on __N/A__, the Circuit Court denied my petition for review.

7. I am currently being detained by DHS pursuant to 8 U.S.C. § 1231(a)(6) because: (1) I have a final order of removal, and (2) because the ninety-day removal period has now elapsed.

8. Despite holding me in immigration detention for more than six months after receiving a final order of removal, DHS has not been able to effectuate my removal. Given DHS's delay thus far, there is no significant likelihood that I will be removed from the country in a reasonably foreseeable time. *See generally Zadvydas v. Davis*, 533 U.S. 678 (2001).

9. Accordingly, I respectfully request that the Court use its authority under 28 U.S.C. § 2243 to order the Respondent to file an answer and return within three days, unless they can

1

show good cause for additional time. *See* 28 U.S.C. § 2243 (stating that an order to show cause why a petition for a writ of habeas corpus should be denied "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed").

10. In order to permit full judicial review of the claims herein and requested relief, I also respectfully request that the Court order the Respondent not to transfer me outside the jurisdiction of this Court pending consideration of this Petition.

## PARTIES

11. Petitioner, *Leonardo Saez Mata*, is detained at the Buffalo Federal Detention Facility.

12. Respondent Jeffrey Searls is sued in his official capacity as the Officer-in-Charge of the Buffalo Federal Detention Facility, at which Petitioner is currently detained.

## JURISDICTION AND VENUE

13. This Court has jurisdiction under the United States Constitution. U.S. CONST. art. I § 9, cl. 2. This Court also has jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 2241 (habeas corpus), and 28 U.S.C. § 1651 (All Writs Act).

14. Additionally, this Court has jurisdiction to grant injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2202.

15. Venue is proper in the U.S. District Court for the Western District of New York because Petitioner is currently being detained at the Buffalo Federal Detention Facility in Batavia, New York, which is within the Western District. *See* 28 U.S.C. § 1391(e).

## EXHAUSTION OF REMEDIES

16. There is no statutory exhaustion requirement for a petition challenging immigration detention. *See Araujo-Cortes v. Shanahan*, 35 F. Supp. 3d 533, 538 (S.D.N.Y. 2014).

17. I am not required to exhaust administrative avenues to challenge my detention because the statutory authority that permits my detention provides no administrative vehicle for doing so. *See* 8 U.S.C. § 1231(a)(6); *see also Cave v. East Meadow Union Free Sch. Dist.*, 514 F.3d 240, 249 (2d Cir. 2008) ("The exhaustion requirement is excused when exhaustion would be futile because the administrative procedures do not provide an adequate remedy.").

## LEGAL ARGUMENT

18. The Supreme Court has stated that "[f]reedom from . . . government custody [and] detention lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). The Supreme Court further noted in *Zadvydas* that "[a] statute permitting indefinite detention of a [noncitizen] would raise a serious constitutional problem." *Id.* at 690.

19. The Due Process clause applies to all persons in the United States, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 ; *see also Plyler v. Doe*, 457 U.S. 202, 210 (1982) ("[Noncitizens], even [noncitizens] whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments.").

20. Congress authorized the DHS to detain noncitizens during a statutorily defined "removal period," during which the Department may effectuate the noncitizen's removal from the United States. 8 U.S.C. § 1231(a)(1). The removal period typically lasts for ninety days and starts at the latest of: (1) the date an order of removal becomes administratively final; (2) if a removal order is judicially reviewed and a stay of removal has been ordered, the date of the court's final order; or (3) the date the noncitizen is released from any detention other than for immigration purposes. 8 U.S.C. § 1231(a)(1)(B).

3

21. Under 8 U.S.C. § 1231(a)(2), noncitizens subject to final orders of removal "shall" be detained during the first ninety days—the "removal period"—and they "shall" be removed during that period under § 1231(a)(1). Under 8 U.S.C. § 1231(a)(6), however, the government "may" continue detention beyond the 90-day removal period if a noncitizen falls within certain broad categories of removability or is determined "to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6).

22. The Supreme Court in *Zadvydas*, in order to avoid the serious due process concerns that would be presented by permitting detention for an indefinite period of time, construed 8 U.S.C. § 1231(a)(6) to authorize detention only where it is significantly likely that removal will occur in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 690. After a noncitizen meets his or her initial burden to show that no such likelihood of removal exists, the burden shifts to the Government to "respond with evidence sufficient to rebut [the noncitizen's] showing." *Id.* at 701.[1]

23. If a court finds removal is reasonably foreseeable, the court may still order release, and may consider the risk posed by the individual to community safety in determining whether to do so. *Id.* at 700. While dangerousness may justify immigrant detention in certain cases, the Court "uph[o]ld[s] preventive detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id.* at 691.

---

[1] To the extent Respondent claims otherwise, the Supreme Court's decision in *Johnson v. Arteaga-Martinez* has no application here. 142 S. Ct. 1827 (2022). *Arteaga-Martinez* merely held that, as a matter of statutory construction, 8 U.S.C. § 1231(a)(6) does not require bond hearings after six months of detention. *Id.* at 1833. *Arteaga-Martinez* does not reach the question of what due process requires under the Constitution, nor does it undermine the presumption affirmed in *Zadvydas* that post-order detention becomes unreasonable after six months. *Id.* at 1834-35.

4

24. My removal period began on __October 18, 2024__.

25. My removal period expired on __January 18[12], 2024__ [13], ninety days after its initiation. I was detained beyond the ninety days pursuant to 8 U.S.C. § 1231(a)(6).

26. The DHS's persistent inability to effectuate my removal provides threshold evidence that there is not a significant likelihood of removal in the foreseeable future. *See Senor v. Barr*, 401 F. Supp. 3d 420, 430 (W.D.N.Y. 2019) (quoting *Singh v. Whitaker*, 362 F. Supp. 3d 93, 102-03 (W.D.N.Y. 2019)); *see also D'Alessandro v. Mukasey*, 628 F. Supp. 2d 368, 404 (W.D.N.Y. 2009) ("[T]he burden upon the [detained person] is not to demonstrate no reasonably foreseeable, significant likelihood of removal or show that his detention is indefinite[.] . . . Rather, . . . the [detained person] need only provide good reason to believe that removal is not significantly likely in the reasonably foreseeable future.") (quoting parties' briefing in the case) (internal quotation marks omitted).

27. Accordingly, unless the Respondent can supply sufficient evidence to the contrary, they should now release me from their custody because my "continued detention [has become] unreasonable and [is] no longer authorized by statute." *Zadvydas*, 533 U.S. at 699-700.

28. Even if the court determines that removal is reasonably foreseeable, this court should order my release because I am not a danger to the community. *Id.* at 700.

### CLAIM FOR RELIEF

### COUNT ONE:

***PETITIONER'S PROLONGED DETENTION VIOLATES THE UNITED STATES CONSTITUTION***

29. I reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

30. Noncitizens who have been detained by DHS pursuant to its statutory authority under 8 U.S.C. § 1231(a) for over six months must be released from custody if there is no significant likelihood that they will be removed in the reasonably foreseeable future.

31. Continuing to detain me under 8 U.S.C. § 1231(a)(6) while there is no significant likelihood of my removal in the reasonably foreseeable future deprives me of my "strong interest in liberty," and therefore violates the Fifth Amendment of the United States Constitution. *U.S. v. Salerno*, 481 U.S. 739, 750 (1987). It further poses actual and substantial hardships and irreparable injuries to me.

32. I have no adequate remedy at law other than the instant petition for a writ of habeas corpus.

## **PRAYER FOR RELIEF**

WHEREFORE, I pray that this Court grants the following relief:

1. Assume jurisdiction of this matter;
2. Use its authority under 28 U.S.C. § 2243 to:
    i. Order the Respondent to file an Answer and Return within 3 days of the filing of the petition, unless they can show good cause for additional time;
    ii. Order Petitioner's Reply be filed 15 days after the Court sets the deadline for Respondent's Answer and Return;
    iii. Order the Respondent not to transfer Petitioner outside the Western District of New York during the pendency of this Petition;
3. Issue a writ of habeas corpus ordering the Respondent to immediately release Petitioner with reasonable terms of supervised release; and
4. Grant any further relief that this Court deems just and proper.

I affirm, under penalty of perjury, that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.

Respectfully submitted,

_____
14

_Leonardo Saez Mata_
15

Buffalo Federal Dentention Facility
4250 Federal Drive
Batavia, New York 14020

DATED: Jan 14 2025
16
BATAVIA, NY

Sworn Before Me On This  14  Jan  20 25

Notary Public _____
KAYCEE LEIGH EVANS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01EV6413806
Qualified in Genesee County
Commission Expires February 01, 2025

7

## CERTIFICATE OF SERVICE

I, _Leonardo Saez Mata_ hereby certify that on January 23, 2025, I caused to be served a true copy of the:

## IN A PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

with the clerk of the court for the United States circuit Court of Rochester NY by using the appellate.

One copy of the above documents was addressed and mailed to:
x By sending via USPS first Class Mail to:

Clerks Office Of The U.S. Courthouse
 U.S. Courthouse
100 State Street,
Rochester, NY 14614

I certify under the penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C.§ 1746

Respectfully Submitted,

/S/ _____

Leonardo Saez Mata
Detained Petitioner, Pro-se
A#: 246-141-348
4250 federal drive
Batavia, NY. 14020
(B.F.D.f.)

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LEONARO SAEZ MATA
A#: 246-141-348

**(b)** County of Residence of First Listed Plaintiff: Genesee County
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Pro Se

## DEFENDANTS
George Harvey in his official capacity as Officer-in-Charge of the Buffalo Federal Detention Facility

County of Residence of First Listed Defendant: Genesee County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☒ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 2241
Brief description of cause:
Ongoing detention violates due process

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE
DOCKET NUMBER

DATE: 1/23/2025
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[Print] [Save As...] [Export as FDF] [Retrieve FDF File] [Reset]

# APÉNDICE E: MOCIÓN PARA PROCEDER CON EL BENEFICIO DE LITIGAR SIN GASTOS

Si usted no puede pagar el costo de **presentación de** su **petición de habeas corpus** de $5,00, puede llenar y presentar una **moción para proceder con el beneficio de litigar sin gastos.** Esto permitirá que usted **presente** la **petición** gratuitamente. En las próximas páginas, se incluye una copia para que usted la complete. Puede encontrar ese y otros recursos en la siguiente página web:
https://www.nywd.uscourts.gov/sites/nywd/files/ProSe_Forms_IFPApplicationForm.pdf.

Responda las preguntas sobre sus finanzas con la verdad. Al final de la segunda página hay una "PRISON CERTIFICATION SECTION" (sección de certificación de la prisión). Ésta debe ser completada y firmada por un oficial en el centro.

